UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER WARNSTORFF, | : |
| | : |
| Plaintiff | CIVIL ACTION NO. 3:14-0077 |
| | : |
| v. | |
| | :   (JUDGE MANNION) |
| STATE FARM AUTOMOBILE INSURANCE COMPANY, | : |
| Defendant | : |

# M E M O R A N D U M

The plaintiff, Jennifer Warnstorff, was injured in an automobile accident with an underinsured motorist and subsequently filed suit against the underinsured motorist. The action was settled and the motorist was released from further liability. Ms. Warnstorff maintained her right to sue her own insurer, defendant State Farm Mutual Automobile Insurance Company ("State Farm"). Ms. Warnstorff brought an action for both breach of contract and bad faith in the Schuylkill County Court of Common Pleas. State Farm removed the action to federal court. In response to Ms. Warnstorff's Complaint, State Farm filed a motion to dismiss the bad faith claim.

**I.     PROCEDURAL BACKGROUND**

The plaintiff initially brought this suit in the Court of Common Pleas of Schuylkill County on December 12, 2013. On January 16, 2014, the defendant removed the case to this court. (Doc. 1). The defendant now seeks to have Count II of the plaintiff's complaint, bad faith, dismissed. (Doc. 4).

**II.    FACTUAL BACKGROUND**

Plaintiff,[1] Jennifer Warnstorff, was involved in a two-car collision with an underinsured motorist on December 27, 2010 and suffered a neck injury which required surgery. She proceeded to initiate litigation proceedings against the underinsured driver. The plaintiff eventually settled her lawsuit with the tortfeasor for $90,000 out of the policy limits of $100,000. She has a $25,000/$50,000 "stacked" underinsured policy with the defendant. The plaintiff submitted an underinsured motorist claim to defendant, State Farm, along with numerous medical records and other supporting documentation. (Doc. 1).

**III.   STANDARD OF REVIEW**

The defendant's motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint,

---

[1]The court takes its statement of facts from the complaint unless otherwise noted.

2

in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [necessary elements]" of the plaintiff's cause of action. *Id*. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotation marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit

3

to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

## IV.   DISCUSSION

The plaintiff's bad faith claim alleges that the defendant unreasonably delayed in evaluating her claim and withheld payment. For the following reasons the defendant's motion to dismiss the bad faith claim will be **GRANTED** without prejudice to the plaintiff's filing an amended complaint.

Under Pennsylvania law there is no common law remedy for bad faith of insurance companies, but rather, a remedy is authorized by statute. *See* 42 Pa.C.S. §8371. It outlines actions a court may take should it find that an insurer has acted in bad faith and reads:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the

>    prime rate of interest plus 3%.
>       (2) Award punitive damages against the insurer.
>       (3) Assess court costs and attorney fees against the insurer.

42 Pa.C.S. §8371. The Third Circuit has subsequently defined bad faith under this statute:

> 'Bad faith' on part of insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

Northwestern Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005) (quoting Terletsky v. Prudential Prop. and Cas. Ins. Co., 437 Pa.Super. 108, 649 A.2d 680, 688 (1994)). To succeed on a bad faith claim, a plaintiff must demonstrate "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." Verdetto v. State Farm Fire & Cas. Co., 837 F. Supp. 2d 480, 484 (M.D. Pa. 2011) aff'd, 2013 WL 175175 (3d Cir. Jan. 17, 2013) (quoting Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir.1997)). Mere negligence, however, is not sufficient to establish a bad faith claim. See id. (citing Polselli v. Nationwide Mut. Fire Ins. Co., 23 F.3d 747, 751 (3d Cir.1994)). In addition, a plaintiff must demonstrate bad faith by clear and convincing evidence. *See id*.

"The 'clear and convincing' standard requires that the plaintiff show 'that

the evidence is so clear, direct, weighty and convincing as to enable a clear conviction, without hesitation, about whether or not the defendants acted in bad faith.'" J.C. Penney Life Ins. Co. v. Pilosi, 393 F.3d 356, 367 (quoting Bostick v. ITT Hartford Group, Inc., 56 F.Supp.2d 580, 587 (E.D.Pa.1999)).

The plaintiff alleges that State Farm engaged in bad faith by listing four specific actions. The allegations were: "failing to promptly evaluate the claim and make an offer," "failing to promptly request any additional information Defendant believes it needs and evaluate that information and make an offer [sic]," "attempting to find any unfounded reason to refuse to pay underinsured motorist benefits," and "delaying in evaluating the claim and making an offer." These allegations are conclusory legal statements and are insufficient to create a cause of action for bad faith. *Atiyeh v. National Fire Ins. Co. Of Hartford,* 742 F.Supp. 2d 591, 599 (E.D. Pa. 2010)(citing *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210-11 (3d Cir. 2009)(dismissing bad faith claim for a similar list of conclusions); *see also Yohn v. Nationwide Ins. Co.,* 2013 WL 2470963 (M.D. Pa. Jun. 7, 2013)(dismissing bad faith claim with a similar list of conclusory allegations).

The plaintiff alleges that State Farm failed to promptly evaluate her claim. She does not provide any indication of the length of time over which all the events occurred to support her allegation of unreasonable delay. The plaintiff attempts to rectify this by making the same allegation in slightly different words. This rewording still does not provide any indication of the time

frame in which the claim was or was not evaluated, and so it is no more than a conclusion that State Farm was unreasonable in their delay. The plaintiff also claims that State Farm failed to promptly request any information they would have needed to fully evaluate her claim, but the plaintiff has failed to allege how long that delay was.

The plaintiff also alleges that State Farm unreasonably refused to pay benefits. However, she does not allege the total amount of her damages. The only thing that the plaintiff indicates is that she received $90,000 from the tortfeasor and that she feels that she is entitled to more. All the plaintiff has done is show that there is some dispute over her contract with State Farm that has, as of yet, not concluded in her favor. The plaintiff has failed to plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. V. Twombly,* 550 U.S. 544. Nor does the plaintiff at this point "raise a reasonable expectation that discovery will reveal evidence of [necessary elements]" to prove her cause of action. *Id*.

Although the plaintiff has attached several letters to her brief in opposition to the defendant's motion, "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Heim v. York Cnty. Prison,* 3:CV-10-1369, 2013 WL 1414638 (M.D. Pa. Apr. 8, 2013)(citing *Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir.1988)). The court has thus not considered the attached documents. The plaintiff has simply alleged insufficient facts to support a

claim for bad faith. The court will, however, allow the plaintiff an opportunity to amend her complaint to cure the deficiencies.

## V.  CONCLUSION

For the reasons discussed above, the defendant's motion to dismiss, (Doc. 4), is **GRANTED**. The plaintiff's bad faith claim is **DISMISSED WITHOUT PREJUDICE**. The plaintiff may file an amended complaint by on or before **July 7, 2014.** A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: June 19, 2014**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-0077-01.wpd